C & R Connair, Inc. *v.* City of Hartford

House, C. J., Shapiro, Loiselle, MacDonald and Bogdanski, Js.

Argued March 7—decision released June 4, 1974

*Jack Rubin,* for the appellant (plaintiff).

*Richard M. Cosgrove,* deputy corporation counsel, with whom, on the brief, was *Alexander A. Goldfarb,* corporation counsel, for the appellee (defendant).

Shapiro, J. The plaintiff is a commercial carrier which owns eighteen aircraft based in the city of Hartford, Connecticut. It appealed to the Court of Common Pleas from a tax assessment of its aircraft by the defendant, the city of Hartford. In its appeal, the plaintiff claimed that its eighteen aircraft were specifically exempt from taxation. From a judgment for the defendant, the plaintiff has appealed to this court.

In its appeal the plaintiff assigns as error two conclusions of the trial court. The trial court's conclusions are tested by the finding. *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 480, 338 A.2d

497; *State* v. *Villafane,* 164 Conn. 637, 638, 325 A.2d 251; *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. They must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Klein* v. *Chatfield,* 166 Conn. 76, 80, 347 A.2d 58.

The trial court heard no evidence, but a stipulation of facts by the parties dated September 13, 1973, was made a part of the record. The parties stipulated as follows: "The plaintiff, C & R Connair, Inc., a Connecticut corporation is a commercial carrier which owns and operates 18 airplanes as a public air carrier engaged principally in nonscheduled interstate transportation for hire, having its base of operation at Brainard Field, Hartford. In order to be eligible for a certificate issued by the Civil Aeronautics Board under its Economic Regulations a carrier must first be certificated by the Federal Aviation Agency (FAA). The plaintiff is certified by the Federal Aviation Agency (FAA) of the United States (Exhibit 1). The plaintiff has applied for and received from the Civil Aeronautics Board a certificate of registration under Part 298 of the Economic Regulations of the Civil Aeronautics Board (Exhibit 2); and is thus subject to the Economic Regulations of the CAB (Exhibits 2, 3 & 4). Both the Federal Aviation Agency (FAA) certificate and the Civil Aeronautics Board (CAB) certificate impose upon the Plaintiff various obligations and restrictions as well as require obligations of operation for continued compliance with Federal Aviation laws and regulations. During the tax year in question the Plaintiff was certified as having Registration and authorization to operate under Part 298 of the Economic Regulations of the Civil

Aeronautics Board. The Certificate of Registration of the Civil Aeronautics Board referred to hereinabove and indicated as Exhibit 2 is the only certificate issued by the Civil Aeronautics Board under Part 298 of the Economic Regulations of the Civil Aeronautics Board. The aircraft in question owned and operated by the Plaintiff are engaged principally in nonscheduled interstate transportation for hire under a certificate issued by the Civil Aeronautics Board, pursuant to and under the provisions of its economic regulations, Part 298 (Exhibit 2). It is further stipulated that Judicial Notice may be taken by the Court of the statement made before the Committee of the Legislature by Senator Verricker [sic] . . . .[1] The Plaintiff has owned and operated airplanes under the same terms and conditions (and same certification by federal authorities, as required) for the past six years out of Hartford and no property tax was assessed on said airplanes during those years. The statute in question is Section 12-245 of the General Statutes."

On the basis of the above stipulation of facts, the trial court concluded that the certificate of registration cannot be regarded as "economic authority issued by the Civil Aeronautics Board" and that "the plaintiff does not come within one of the exceptions

[1] A certified copy of that statement was designated as exhibit 5 and made a part of the record. It contains the following remarks of Senator William J. Verriker: "Madam President, this bill was suggested by the tax department to make sure that privately owned non-commercial aircraft are taxable in the towns and cities of the state. It specifically exempts aircraft in domestic and foreign commerce since such aircraft have no situation in the state to make them subject to local property taxes. We all know the pressing need for revenue in the towns and cities and the passage of this bill would bring in some additional property tax revenue in towns where private aircraft are owned. I move passage of the bill." 13 S. Proc., pt. 4, 1969 Sess., p. 1792.

of Section 12-245 of the General Statutes of Connecticut that it operate 'under a certificate of public convenience and necessity or other economic authority issued by the Civil Aeronautics Board.' "

The plaintiff's assignment of errors requires that we review these conclusions. Having done so, we find they are consistent with the facts as stipulated by the parties to this appeal.

Section 12-245 of the General Statutes provides: "Real property and personal property, except flight equipment owned or being operated by a public air carrier which air carrier is engaged principally in scheduled or nonscheduled interstate or foreign air transportation for hire under a certificate of public convenience and necessity or other economic authority issued by the civil aeronautics board or its successor, shall be taxed locally in accordance with the applicable laws of this state."

Pursuant to this statute, three conditions precedent must be satisfied to exempt flight equipment from local taxation: (1) the equipment must be owned or operated by a public air carrier; (2) the carrier must be engaged principally in scheduled or nonscheduled interstate or foreign air transportation for hire; (3) the carrier must be operating under a certificate of public convenience and necessity or other economic authority issued by the Civil Aeronautics Board (CAB).

There can be no question as to the satisfaction of the first two conditions. As previously recited, they have been stipulated to by both parties and made a part of the record. The only controversy involved is focused on the third condition.

As to that condition, the trial court concluded that "[t]he only 'certificate' issued by the Civil Aeronautics Board to the plaintiff is the copy of the registration filed with the board by the plaintiff." Since the plaintiff has not assigned this conclusion as error, we must determine only whether that certificate of registration qualifies as "economic authority issued by the civil aeronautics board" in the sense contemplated by § 12-245. To make such a determination, we refer to the exhibits included in the stipulation.

Those exhibits indicate that the Federal Aviation Administration has authorized the plaintiff to operate as an air taxi operator. Such operations are conducted pursuant to Part 298 of the Economic Regulations of the CAB. 14 C.F.R. § 298.1. Section 298.3 (a) (2) of those regulations makes it clear that air taxi operators "[d]o not hold a certificate of public convenience and necessity or other economic authority issued by the Board." We therefore conclude that the certificate of registration issued to the plaintiff cannot be said to qualify as "economic authority issued by the civil aeronautics board" in the sense contemplated by § 12-245 of the General Statutes.

The plaintiff satisfies the first two conditions set forth in § 12-245, but it does not satisfy the third condition. Its eighteen aircraft should, therefore, be taxed locally.

There is no error.

In this opinion the other judges concurred.